IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY WALTON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| VS. | ) | Civ. No. 15-1203-JDT-egb |
| | ) | Crim. No. 05-10074-JDT |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER DENYING MOTION PURSUANT TO 28 U.S.C.§ 2255,
DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On August 19, 2015, Movant Larry Walton, Bureau of Prisons register number 20486-076, an inmate at the Federal Correctional Institution – Medium in Yazoo City, Mississippi, filed a *pro se* motion pursuant to 28 U.S.C. § 2255, accompanied by a legal memorandum. (ECF Nos. 1 & 1-1.) The single issue raised in Walton's § 2255 motion is whether his enhanced sentence, imposed pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unlawful in light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

On October 17, 2005, a federal grand jury returned a one-count indictment against Walton, charging him possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g). (*United States v. Walton*, No. 05-10074-JDT (W.D. Tenn.).) Walton entered a guilty plea on February 21, 2006. (*Id.*, Min. Entry, Crim. ECF No. 19.) There was no written plea agreement. At a hearing on May 26, 2006, the Court found that Walton was subject to an increased sentence under the ACCA and sentenced him to a 204-month term of imprisonment (*id.*, Min. Entry, Crim.

ECF No. 29; *id.*, Sentencing Hr'g Tr. at 3-4, 12-13, Crim. ECF No. 35). Judgment was entered the same day. (*Id.*, Crim. ECF No. 30.) The United States Court of Appeals for the Sixth Circuit affirmed. *United States v. Walton*, No. 06-5745 (6th Cir. Apr. 13, 2007).

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing § 2255 Proceedings ("§ 2255 Rules"). "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.* The movant is entitled to reply to the Government's response. Rule 5(d), § 2255 Rules. Movant has the burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

The ACCA provides as follows:

> (e)(1) In the case of any person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title

2

for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1). The statute further defines "violent felony":

> (2) As used in this subsection –
>
> . . . .
>
> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that –
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*;

*Id.* § 924(e)(2)(B)(i)–(ii). The final words of the definition of violent felony, italicized above, are referred to as the ACCA's residual clause.

In *Johnson*, 135 S. Ct. 2551, the Supreme Court held that the residual clause is unconstitutionally vague and that increasing a defendant's sentence under the clause is, therefore, a denial of due process. *Id.* at 2563. However, the Supreme Court also made it clear that its holding as to the ACCA's residual clause "does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.*

In his § 2255 motion, Walton argues that this Court should apply the Supreme Court's decision retroactively to find that the increased sentence he received under the ACCA is unconstitutional. The Sixth Circuit has not yet definitively weighed in on the issue of whether

*Johnson* is to be applied retroactively. However, even if the decision is presumed retroactive, it does not benefit Walton. The Criminal History section of the Presentence Investigation Report ("PSR") indicates that Walton was previously convicted in Davidson County, Tennessee, on four separate counts of robbery armed with a deadly weapon, three counts of aggravated burglary, and three counts of robbery.[1] Burglary is one of the four enumerated offenses in the ACCA's definition of violent felony. In addition, under Tennessee law, robbery is an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." [2] Thus, Walton's predicate offenses do not fall under the ACCA's residual clause, and his increased sentence under the statute is not affected by the decision in *Johnson*.

The motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also* Rule 4(b), Section 2255 Rules. Neither a response from the United States Attorney nor an evidentiary is required. *See Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003); *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). Walton's conviction and sentence are valid; therefore, the § 2255 motion is DENIED.

---

[1] Walton committed the offenses of robbery armed with a deadly weapon on February 17, 1982 (#D0080), June 17, 1982 (#D0705), July 13, 1982 (#D0704) and July 14, 1982 (#D0703). (PSR at 6-7, ¶¶ 21, 22, 23 & 24.) The aggravated burglaries occurred in and about December 1989 (#90-W-503). (*Id.* at 8, ¶¶ 26 & 27.) Walton committed the robberies on November 19, 1994, November 20, 1994, and November 21, 1994 (#95-B-844). (*Id.* at 9, ¶ 29.)

[2] The version of the Tennessee robbery statute applicable to Walton's 1982 convictions for robbery armed with a deadly weapon defined robbery as the "felonious and forcible taking from the person of another, goods or money of any value, by violence or putting the person in fear." Tenn. Code Ann. § 39-2-501(a) (1982) (repealed). The current robbery statute, which also was applicable to Walton's robbery offenses occurring in November 1994, defines robbery as "the intentional or knowing theft of property from the person of another by violence or putting the person in fear." Tenn. Code Ann. § 39-13-401 (2010). The Tennessee Supreme Court has stated, in reference to the current statute, that "a violent act necessarily involves force." *State v. Fitz*, 19 S.W. 3d 213, 216 (Tenn. 2000).

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

A COA may issue only if the movant has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue(s) which satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011) (same). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

There can be no question that the issue raised in this § 2255 motion is without merit for the reasons previously stated. Because any appeal by Walton on the issue raised in his § 2255 motion does not deserve attention, the Court DENIES a certificate of appealability.

The Prison Litigation Reform Act, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the $505 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, Walton must obtain pauper status pursuant to Federal Rule of

5

Appellate Procedure 24(a). *Kincade*, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file his motion to proceed *in forma pauperis* in the appellate court. Fed. R. App. P. 24(a)(4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter is not taken in good faith, and leave to appeal *in forma pauperis* is DENIED. Accordingly, if Walton files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE